```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TERRANCE DIXON,

                        Plaintiff,                              MEMORANDUM AND ORDER
                                                                22-CV-3581 (RPK) (LB)
        v.

EMILY STEDMAN, ROSS ANDERSON,
FRANCIS LOCOCO, and HUSCH
BLACKWELL LLP,

                        Defendants.
-----------------------------------------------------------x
```

RACHEL P. KOVNER, United States District Judge:

*Pro se* plaintiff Terrance Dixon moves to remand this action to New York state court pursuant to 28 U.S.C. § 1447(c). Plaintiff asserts removal was improper because (1) defendants did not comply with the procedural requirements for removal set forth in 28 U.S.C. § 1446 and (2) this Court lacks diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff's motion is denied.

**STANDARD OF REVIEW**

On a motion to remand for lack of subject-matter jurisdiction, the "party seeking removal bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 327 (2d Cir. 2011). The court may consider materials outside the pleadings, including "documents appended to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis," since remand places subject-matter jurisdiction at stake. *Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010) (collecting cases).

1

# DISCUSSION

Plaintiff asserts two bases for remand. First, he argues that there were several procedural defects with defendants' removal of this case. Second, he contends that this Court lacks jurisdiction. Neither argument is persuasive.

## A. Removal was proper under 28 U.S.C. § 1446.

28 U.S.C. § 1446 sets out various procedural requirements a party must comply with to remove a state-court case to federal court. As relevant here, the statute requires a defendant seeking to move a case to file in the district court a signed "notice of removal" that "contain[s] a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Additionally, "all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A).

Plaintiff identifies three purported defects in defendants' removal, none of which warrant remand. First, plaintiff alleges that defendants "initially filed removal without [a] civil cover sheet." Mot. to Remand 2 (Dkt. #17). While a civil cover sheet is required as a matter of our Local Rules, *see* Rules for the Division of Business for the Eastern District of New York, Rule 1(b), it is not a statutory requirement for removal, and the failure to properly file such a document is not a basis for remand to state court. *See, e.g.*, *Total Energy Corp. v. Stolt*, 334 F. Supp. 2d 413, 414-15 (S.D.N.Y. 2004). In any event, defendants filed their civil cover sheet on the same day as their removal notice, albeit under a separate docket number. *See* Dkt. #2.

Second, plaintiff contends that defendants failed to include with their notice of removal "all process, pleadings, and orders" filed in the state court, 28 U.S.C. § 1446(a), because they did not provide this Court with a copy of plaintiff's amended complaint at the time. Mot. to Remand

2

2, 12. But Section 1446(a) only requires that the notice of removal include pleadings "served upon [the removing] defendant or defendants," and defendants attest in their notice of removal that they had not yet been served with any amended complaint. Not. of Removal ¶ 3 (Dkt. #1). Any failure to attach that amended complaint on defendants' part here thus likewise cannot support remand.

Finally, plaintiff argues that defendants did not comply with the consent requirement of Section 1446(b)(2)(A) because defendants LoCoCo and Husch Blackwell LLP appear not to have been served at the time of removal and thus "could not have possible [given] consent." Mot. to Remand 4. But Section 1446(b)(2)(A) only requires consent of "all defendants who have been properly joined" at the time of removal, and "[i]t is well-settled that a removing defendant need not obtain the consent of non-served defendants to remove an action," because "the court cannot exert personal jurisdiction over a non-served defendant." *Omni Elevator Corp. v. Int'l Union of Elevator Constructors & Its Loc. 27 Affiliate*, No. 19-CV-6778 (CJS), 2021 WL 3810413, at *3 (W.D.N.Y. Aug. 26, 2021) (quoting *In re Air Crash at Belle Harbor, NY, on Nov. 12, 2001*, No. 02-CV-6746 (JFK), 2003 WL 21032034, at *6 (S.D.N.Y. May 5, 2003)).

Defendants' removal complied with the requirements of Section 1446.

**B. Diversity jurisdiction exists.**

Plaintiff's assertion that remand is required for lack of subject matter jurisdiction likewise fails. Diversity jurisdiction under 28 U.S.C. § 1332 requires that (1) all parties be completely diverse and (2) the amount in controversy exceed $75,000. Both requirements are satisfied.

Plaintiff is a citizen of New York. Individual defendants Stedman, Anderson, and LoCoco are all citizens of Wisconsin. And as a partnership, defendant Husch Blackwell LLP "has the citizenship of each of its partners." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001). None of Husch Blackwell's partners are citizens of New York. *See* Dkt. #12-1.

3

Accordingly, diversity of citizenship exists. Plaintiff's claims that Husch Blackwell LLP's "significant [business] ties to New York rais[e] questions [as] to [its] citizenship" for purposes of diversity jurisdiction, Mot. to Remand 5, are without merit.

Plaintiff also asserts that the amount in controversy is only $14,000, his "actual damages." *Id.* 6-7. But that assertion is belied by the prayer for relief in the initial complaint, which requests compensatory damages of no less than $50,000, punitive damages of no less than $50,000, and treble damages of no less than $150,000—for a total of at least $250,000. Dkt. #1-1 at 10-11.

For purposes of removal, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy," 28 U.S.C. § 1446(c)(2), unless a "specific rule of substantive law or measure of damages limits the money recoverable by plaintiff." *Brown v. New York State Supreme Ct. for Second Jud. Dist.*, 680 F. Supp. 2d 424, 429 (E.D.N.Y. 2010). Plaintiff's complaint brings claims for breach of fiduciary duty, tortious interference with contract, abuse of legal process, and negligent misrepresentation, all under New York law. See Complaint 4-9 (Dkt. #1.1). At least three of these four causes of action permit the recovery of punitive damages. *See, e.g.*, *Bd. of Ed. of Farmingdale Union Free Sch. Dist. v. Farmingdale Classroom Tchrs. Ass'n, Inc., Loc. 1889 AFT AFL-CIO,* 343 N.E.2d 278, 284 (N.Y. 1975) (abuse of legal process); *Int'l Mins. & Res., S.A. v. Bomar Res., Inc.,* 5 F. App'x 5, 9 (2d Cir. 2001) (tortious interference with contract); *Fairfield Fin. Mortg. Grp., Inc. v. Luca*, 584 F. Supp. 2d 479, 484 (E.D.N.Y. 2008) (breach of fiduciary duty). As for treble damages, defendants are all attorneys, and in New York, "an injured party can recover treble damages in a civil action against an attorney who '[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party.'" *Kirk v. Heppt*, 532 F. Supp. 2d 586, 593 (S.D.N.Y. 2008) (quoting N.Y. Jud. Law § 487)).

4

Accordingly, since no "specific rule of substantive law" bars recovery of the amounts sought in plaintiff's complaint, *Brown*, 680 F. Supp. 2d at 429, and there is no indication that those amounts were not "demanded in good faith," 28 U.S.C. § 1446(c)(2), the amount in controversy requirement is satisfied, and diversity jurisdiction is proper under 28 U.S.C. § 1332.

## CONCLUSION

Because defendants' removal complied with the requirements of 28 U.S.C. § 1446 and the Court is assured of its jurisdiction under 28 U.S.C. § 1332, plaintiff's motion for remand is denied.

SO ORDERED.

                                         */s/ Rachel Kovner*
                                         RACHEL P. KOVNER
                                         United States District Judge

Dated: November 14, 2022
       Brooklyn, New York